McKinney, J.,
delivered the opinion of tbe Court.
At the February Term, 1857, of the Circuit Court of Cannon, the plaintiff in error, with two others, entered into a recognizance “ in the sum of four thousand dollars, jointly and severally to be levied,” &c., for the appearance of John Stovall, at the ensuing June Term .of said Court, to answer a criminal charge of which he stood indicted in said Court. The defendant failed to ap *435 pear at tbe term to which he was bound, and judgments nisi were entered up severally against him and his bail;that is, a separate judgment for the penalty of “four thousand dollars,” was rendered against the defendant, Stovall, and against each one of the three persons who were bound for his appearance. Consequently, instead of one judgment for the penalty of $4000.00, “to be levied of their respective goods, chattels, lands and tenements,” four distinct judgments, each for the entire penalty of the recognizance, have been -obtained, and for the full satisfaction of which, each one is made separately liable. Separate writs of scire facias issued, to which the bail severally demurred, and on. argument, the demurrers were overruled. A plea of nul tiel record was then put in, and found against the defendants; and final judgment rendered. From which an appeal in error was prosecuted to this Court.
The question as to the regularity of the proceedings, was sufficiently raised by the demurrer; and in rendering judgment thereon, we think the Court erred. It is too clear, we think, to admit of doubt, that the State was entitled to but one judgment for the penalty of the recognizance, which judgment ought to have pursued the terms of the defendants’ undertaking; that is, the recovery should have been against them jointly and severally, to be levied of their respective goods, &c.
But it is said, that upon a joint and several judgment for the penalty, each one was liable individually, to the satisfaction thereof; and this being so, the error of rendering several judgments, if it be an error at all, is one of form rather than substance.
The demurrer raises the question, as to the power *436 of the Court to render more than one judgment for the penalty, and this cannot be treated as mere matter of form. Nor would the suggestion, if correct, that a satisfaction of one of the judgments would preclude the State from enforcing satisfaction of any of the others, obviate the objection; though, upon this question, as it is not presented by the record, we express no opinion. Neither will we, for the same reason, consider the question as to the right of contribution between the bail, in case one should, be subjected to satisfaction of the entire penalty, or a greater amount than his. equal proportion.
We rest our decision upon, the ground of want of authority in the Court to render several judgments upon the .recognizance in question.
In this view of the case, the judgment must be reversed, and the demurrer, sustained.